# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BWD PROPERTIES 2, LLC, a Nevada limited liability company; BWD PROPERTIES 3, LLC, a Nevada limited liability company; and BWD PROPERTIES 4, LCLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BOBBY LEN FRANKLIN, an individual and dba DAYDREAM LAND & SYSTEMS DEVELOPMENT COMPANY; ROBERT LEE FRANKLIN, an individual; BOBBY DEAN FRANKLIN, an individual; and DONNA SUE OWENS, an individual,<br><br>Defendants. | 2:06-CV-01499-BES-PAL<br><br>**ORDER** |

Presently before the Court is Third-Party Defendant United States's ("the government") Motion to Dismiss (#29). Also before the Court is Defendant Bobby Len Franklin's Motion for Declaratory Judgment (#39).

## I. BACKGROUND

In the late 1980s, Defendants (collectively referred to as the "Franklins") filed two Desert Land Entry ("DLE") applications with the United States Bureau of Land Management ("BLM") under the Desert Land Act, 43 U.S.C. §§ 321, et seq. The first of these was filed by Bobby Len Franklin in 1988. The application was initially denied by BLM and Bobby Len Franklin appealed to the Interior Board of Land Appeals ("IBLA"). The IBLA reversed BLM's initial decision and remanded to BLM. However, instead of waiting for a revised decision from BLM, Bobby Len Franklin filed an action in federal court. That action was ultimately dismissed.

1 Eventually, the matter was remanded to BLM and it issued a decision rejecting Bobby Len
2 Franklin's application because the land in question was mineral in character and, therefore,
3 could not be transferred under the Desert Land Act.  Following the decision, Bobby Len
4 Franklin did not appeal the decision to the IBLA.  Instead, he filed a quiet title action in federal
5 court.  The Court dismissed that action for lack of subject matter jurisdiction, finding that Bobby
6 Len Franklin had not exhausted his administrative remedies.  The dismissal was affirmed by
7 the Ninth Circuit.  Since that time, Bobby Len Franklin has filed five separate actions in federal
8 court in which he has claimed ownership to the land he sought via his 1988 DLE application.

10 In 1989, Bobby Dean Franklin, father to Bobby Len, filed a DLE application for land
11 adjacent to that sought by Bobby Len Franklin.  BLM determined again that the land in
12 question was mineral in a character.  Instead of appealing to the IBLA, Bobby Dean Franklin
13 filed suit in federal court.  The Court dismissed the action for lack of subject matter based on
14 Bobby Dean Franklin's failure to exhaust his administrative remedies.

15 In February 2006, BLM held a land auction in which three parcels of land located n
16 Clark County, Nevada (the "Property") were ultimately conveyed to BWD.  This land included
17 the parcels sought by the Franklins in their respective DLE applications.  Following the
18 conveyance, in April 2006, the Franklins recorded a notice of joint trespass with the Clark
19 County Recorder, asserting a right to possession of the Property.  According to BWD, this
20 recordation and others like it constitute a cloud on their title to the Property.  As a
21 consequence, they filed this action requesting this Court to quiet title as to the Property and
22 to enter a permanent injunction prohibiting the Franklins from asserting rights to the Property
23 in the future.  The Franklins filed a third-party complaint against the government seeking to
24 have this Court quiet title in their favor and to compel the government to issue them their
25 "rightful patent as a matter of law."  The Franklins allege jurisdiction under the Confirmation
26 Act, 43 U.S.C. § 1165 and 28 U.S.C. § 1361.  The government has filed a motion to dismiss
27 in which they assert that this Court lacks subject matter over the third-party complaint.

## II. LEGAL STANDARD

The government has submitted its motion under Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Fed. R. Civ. P. 8(a). Meliezer v. Resolution Trust Co., 952 F.2d 879, 881 (5th Cir. 1992); Thornhill Publ'g Co. v. General Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979). Although the defendant is the moving party on a motion to dismiss, it is the plaintiff who, as the party seeking to invoke the court's jurisdiction, bears the burden of establishing subject matter jurisdiction. Hexom v. Oregon Dept. of Transp., 177 F.3d 1134, 1135 (9th Cir. 1999). The court in effect presumes that it lacks jurisdiction until the plaintiff proves otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); United States v. Sumner, 226 F.3d 1005, 1010 (9th Cir. 2000).

The nature of the burden of proof varies, however, depending on whether the motion is a facial or factual attack on the complaint. When considering a Rule 12(b)(1) motion attacking a complaint on its face, the plaintiff must affirmatively allege the existence of federal jurisdiction because the court will not infer it from the allegations. TOSCO v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (citing Smith v. McCullough, 270 U.S. 456, 459 (1926)). Also, with a facial attack, the court must presume that the plaintiff's allegations are true. Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000). In contrast, no presumption of truth attaches to the plaintiff's allegations with a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

A federal court presumptively lacks subject matter jurisdiction "unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). Consequently, in determining the existence of federal jurisdiction, the court must look to the original complaint rather than an amended complaint. Id. Only where the complaint

1 defectively alleges jurisdiction, and not where jurisdiction is indeed lacking, may a plaintiff
2 amend the complaint. Id. at 1381 n.3; see also 28 U.S.C. § 1653.

### III. ANALYSIS

"When the regulations governing an administrative decision-making body require that a party exhaust its administrative remedies prior to seeking judicial review, the party must do so before the administrative decision may be considered final and the district court may properly assume jurisdiction." Doria Mining and Eng'g Corp. v. Morton, 608 F.2d 1255, 1257 (9th Cir. 1979), cert. Denied, 455 U.S. 962 (1980). Under Department of Interior regulations, a potential plaintiff must exhaust administrative remedies before any administrative decision is subject to judicial review. 43 C.F.R. § 4.21(c). The disposition of public lands is subject to review by the IBLA. 43 C.F.R. § 4.1(b)(3)(i). Therefore, exhaustion of administrative remedies only occurs upon disposition of such an appeal by the IBLA. Id. § 4.21(c).

The Franklins' DLE applications of 1988 and 1989 were denied by BLM. (Mot. to Dismiss (#29) Exs. 6, 15.) The Franklins, though, did not appeal the decisions to the IBLA. Instead, they immediately filed suit in federal court. Id. at Exs. 7, 16. As a result, the Franklins failed to exhaust their administrative remedies. Here, the Franklins have filed a complaint against in the government in which they assert rights to those same parcels sought under their previously denied DLE applications. (Third-Party Compl. (#12).) Thus, the Court construes the complaint as an appeal of the original denial of the Franklins' DLE applications. See id. However, since they have failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction over these claims.

Even if the Court assumes that the Franklins exhausted their administrative remedies, or in the alternative that the Franklins bring these claims under the Quiet Title Act, 28 U.S.C. § 2409a, their claims are barred by the doctrine of claim preclusion. The Ninth Circuit has held that "res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The Ninth Circuit has further held that "[t]he principle of res judicata applies to findings and decisions on the merits which

become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision." Taylor v. Heckler, 765 F.2d 872, 876-77 (9th Cir. 1985). The claims at issue in the Franklins' third party complaint relate to the denial of their DLE applications, (Third-Party Compl. (#12)); they are asserted against the government, id.; they were decided on the merits when BLM rejected their applications, see (Mot. to Dismiss (#29) Exs. 6, 15); and those decisions became final when the Franklins failed to exhaust their administrative remedies. See Taylor, 765 F.2d at 867-877. As such, all the res judicata elements are present here.

In addition, to the extent that the Franklins' claims could be considered to have been brought under the Quiet Title Act, the Franklins have failed to comply with the Administrative Procedure Act's six year statute of limitations. 5 U.S.C. § 704; 28 U.S.C. § 2401(a). In this case, final agency action took place in 1993 when BLM rejected the Franklins' DLE applications and the Franklins failed to appeal those decisions to the IBLA. See Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (citation omitted). Thus, the Franklins have far exceeded the six year statute of limitations relating to that final action.

Because this Court lacks subject matter jurisdiction over the Franklin's third party complaint, that complaint is hereby dismissed. In addition, the Franklins' failure to exhaust their administrative remedies precludes this Court from exercising subject matter jurisdiction over the Franklins' motion for declaratory judgment, which requires an independent basis of jurisdiction. Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983) (citations omitted); see also Western Shoshone Nat'l Council v. U.S., 408 F. Supp. 2d 1040 (D. Nev. 2005). That motion is, therefore, denied as well.

///
///
///
///
///
///

5

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Third-Party Defendant United States' Motion to Dismiss (#29) is GRANTED.

IT IS FURTHER ORDERED that Third-Party Plaintiffs' Motion for Declaratory Relief (#39) is DENIED.

DATED: This 27th day of September, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE