1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BWD PROPERTIES 2, LLC, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | 2:06-cv-1499-RCJ-PAL |
| BOBBY LEN FRANKLIN, et al., | ) | **ORDER** |
| Defendants. | ) | |
| _____ | ) | |

Currently before the Court are Plaintiffs' Motion for an Order Expunging "Notice of Action to Quiet Title" and for Sanctions against Defendant Bobby Len Franklin dba Daydream Land & System Development for Violating this Court's Order (#135), Defendants' Motion to Extend Time to Respond (#137), and Defendants' Motion for an Order to Strike Plaintiffs' Reply (#140).

**BACKGROUND**

The Plaintiffs in this case are BWD Properties 2, LLC; BWD Properties 3, LLC; and BWD Properties 4, LLC (collectively "BWD"). The Defendants in this case are Bobby Len Franklin, an individual and dba Daydream Land & Systems Development Company, Robert Lee Franklin, Bobby Dean Franklin, and Donna Sue Owens.

The following facts are taken from Judge Brian Sandoval's September 29, 2008 order. (*See* Order (#111) at 2-3). On August 18, 1988, Bobby Len Franklin filed application N-49548 under the Desert Land Entry Act ("DLE") concerning eighty acres of land located in the Southern one-half of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Clark County, Nevada (the "N-49548 Property"). In October 1988, the

Bureau of Land Management ("BLM") denied Bobby Len Franklin's application because the property was appropriated by mining claims and thus unsuitable for disposition under the DLE. Bobby Len Franklin appealed the decision to the Interior Board of Land Appeals ("IBLA"), which reversed and remanded to BLM for further findings because the record did not contain evidence to support the conclusion that the land was mineral in character.  On remand, BLM denied the application.  BLM advised Bobby Len Franklin of his right to appeal the decision to the IBLA, and of the requirement that the appeal be filed within thirty days of receipt of the decision.  Bobby Len Franklin did not appeal the decision, however.  Instead, he filed an action against the United States in federal court.  The action was dismissed for failure to exhaust administrative remedies.  The district court's decision was affirmed by the Ninth Circuit Court of Appeals ("Ninth Circuit").  *See Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995) (unpublished).

On November 21, 1989, Bobby Dean Franklin filed application N-52292 under the DLE concerning eighty acres of land located in the Northern one-half of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Clark County, Nevada (the "N-52292 Property").  BLM denied the application in 1993 because the lands for which the application was filed were mineral in character.  Bobby Dean Franklin was advised of his right to appeal the decision and that his notice of appeal must be filed within thirty days of receipt of the decision.  Bobby Dean Franklin did not appeal.  Instead, he filed an action against the United States in federal court.  The action was dismissed by the court for failure to exhaust administrative remedies.  The court's order was affirmed by the Ninth Circuit.  *See Franklin v. United States*, 46 F.3d 1141 (9th Cir. 1995).

In 2006, the United States granted to D.J. Laughlin title to three parcels located in Clark County, Nevada ("the property").  The property included the acreage upon which the Franklins had submitted their DLE applications.  The three parcels were granted by way land patents, including patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069. Patent 27-2006-0071 relates to real property described as the East one-half of the Southeast quarter of the Southeast quarter of Section 16, township 32 South, Range 66 East, Mount Diablo

Meridian, Nevada.  Patent 27-2006-0070 relates to land described as the West one-half of the Southeast quarter of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Nevada.  Patent 27-2006-0069 relates to property described as the Southwest quarter of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo, Meridian, Nevada.  Laughlin then transferred his interest in all three parcels to BWD.  Between 1999 and 2006, defendants had recorded multiple documents against the property in the Clark County Recorder's Office.

In his September 2008 order, Judge Sandoval granted BWD's motion for summary judgment and declared the following: (a) Defendants, and anyone claiming under or through them, had no right, title or interest in or to the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 on the basis of DLE applications N-49548 and N-52292; (b) Plaintiffs were the 100% fee simple owners of the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069; and (c) all instruments, documents, and claims recorded by or on behalf of Defendants against the property in the office of the Clark County Recorder were null and void.  (Order (#111) at 8).  Judge Sandoval ordered that all documents recorded in the Clark County Recorder's Office against the property were expunged from the record.  (*Id.*).

Judge Sandoval further entered a permanent injunction stating that:

> Defendants, and anyone claiming under or through them, are permanently enjoined from asserting, claiming, or setting up any right, title, or interest in or to the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 under the DLE, applications N-49548 and N-52292, or on any other ground or basis.
> . . .
> Defendants, and anyone claiming under or through them, are enjoined from filing any instruments, documents, and claims in the office of the Clark County Recorder that would slander, interfere with, compromise, or cloud Plaintiffs' title to the property.

(*Id.* at 8-9).

In December 2009, the Ninth Circuit affirmed.  (Ninth Cir. Op. (#127) at 1-2).  The Ninth Circuit stated that the "district court properly granted summary judgment on the claims made by BWD because BWD offered undisputed evidence that they owned the properties over

1   which they sought to quiet title, and the Franklins failed to raise a triable issue of their own

2   cognizable interest in these properties." (*Id*. at 3). The Ninth Circuit further held that the

3   "district court correctly determined that the various documents recorded by the Franklins were

4   a cloud on the title of BWD's property and ordered the documents expunged, and did not

5   abuse its discretion when it granted a permanent injunction against the Franklins." (*Id*. at 4).

6       The pending motions now follow.

7                                    **DISCUSSION**

8       BWD files a motion to expunge the "Notice of Action to Quiet Title" that Bobby Len

9   Franklin via Daydream Land & Systems Development Co. filed with the Clark County

10  Recorder's Office on April 10, 2012, in violation of this Court's September 2008 order. (Mot.

11  to Expunge (#135) at 3; Notice of Action to Quiet Title (#135) at 12-13). BWD seeks an order

12  that expunges the notice and sanctions Bobby Len Franklin for intentionally violating this

13  Court's order. (Mot. to Expunge (#135) at 3). BWD seeks a civil sanction and an award of

14  attorneys' fees against Bobby Len Franklin. (*Id*. at 7-8).

15      The Notice of Action to Quiet Title states that: (1) on August 26, 1988, Bobby Len

16  Franklin via Daydream Land & Systems Development Co. purchased 80 acres from the

17  government, (2) on December 19, 1996, Bobby Len Franklin exhausted all administrative

18  remedies with the government, and (3) on September 29, 2008, the government granted BWD

19  ownership of the 80 acres "by mistakenly declaring [that Bobby Len Franklin] 'failed to exhaust

20  administrative remedies.'" (Notice of Action to Quiet Title (#135) at 13). The Notice of Action

21  to Quiet Title referenced Assessor Parcel Numbers ("APN") 264-16-000-002, 264-16-000-003,

22  and 264-16-000-004.[1] (*Id*.).

23

24

25

26      [1] BWD notes that APN-264-16-000-002 has been subdivided and assigned new parcel
   numbers APN-264-16-000-003, APN-264-16-000-004, APN-264-16-000-005, and APN-264-
27  16-000-006. (Mot. to Expunge (#135) at 6). Additionally, parcels APN-264-16-000-004, APN-
   264-16-000-005, and APN-264-16-000-006 are identical to the property described in patent
28  27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 which, pursuant to this Court's
   September 2008 order, is owned by BWD.

                                        4

1    In response[2], Bobby Len Franklin argues that there is "no statute of limitations for
2    judicial court review of such *void* judgments or orders under Fed. R. Civ. P. 60(b)(4)" and that
3    he will "never give up his land ownership claims, rights, or title, until the final administrative-
4    IBLA order that was certified on 12/19/1996 is reviewed in a judicial court of law and equity."
5    (Resp. to Mot. to Expunge (#138) at 2).

6    The IBLA order, dated December 19, 1996, reiterated the facts in this case. (*See* IBLA
7    1996 Order (#138) at 18-19). The order IBLA order stated that, "[b]y letters dated October 27,
8    1995, BLM informed the Franklins that it was closing the files in their desert land entry
9    application cases. The Franklins now appeal these letters." (*Id.* at 19). The IBLA found that
10   the Franklins could not "use BLM's response to its questions concerning desert land entry to
11   overcome their failure to appeal the November 12, 1993, decisions." (*Id.* at 20).

12   In reply[3], BWD asserts that the IBLA order did not give the Franklins appeal rights and
13   notes that the order addresses the same issues previously addressed by this Court and the
14   Ninth Circuit. (Reply to Mot. to Expunge (#139) at 4). BWD also asserts that Bobby Len
15   Franklin's reliance on Rule 60(b)(4) is inaccurate because it has no bearing on the 1996 IBLA
16   order. (*Id.*).

17   As an initial matter, to the extent that Bobby Len Franklin is attempting to raise a Rule
18   60(b)(4) motion in his response, the Court finds that the motion is without merit. Federal Rule
19   of Civil Procedure 60(b)(4) provides that a "court may relieve a party or its legal representative
20   from a final judgment, order, or proceeding for the following reasons . . . the judgment is void."
21   Fed. R. Civ. P. 60(b)(4). Bobby Len Franklin has not demonstrated that this Court's
22   September 2008 order and the Ninth Circuit's affirmation of that order are void. The 1996

23

24   [2] Bobby Len Franklin filed a motion for an extension of time, until November 9, 2012,
25   to file his response. (Mot. For Leave of Court (#137) at 1-2). The Court denies this motion
     as moot because that time period has passed and Bobby Len Franklin has filed a response.
26

27   [3] Bobby Len Franklin filed a motion to strike BWD's reply because it was "supported
     by immaterial judicial court decisions that dismissed its jurisdiction because Franklin had not
28   yet exhausted his administrative remedies." (Mot. to Strike (#140) at 3). The Court finds that
     this motion is without merit and denies the motion to strike.

1   IBLA's order reiterates the same facts that this Court and the Ninth Circuit relied on.  As such,

2   to the extent that Bobby Len Franklin is making a Rule 60(b)(4) motion, the Court denies that

3   motion.

4         Additionally, the Court grants BWD's motion to expunge the Notice of Action to Quiet

5   Title filed on April 10, 2012, with the Clark County Recorder based on this Court's September

6   2008 permanent injunction prohibiting Bobby Len Franklin, or anyone claiming under or

7   through him, from "filing any instruments, documents, and claims in the office of the Clark

8   County Recorder that would slander, interfere with, compromise, or cloud Plaintiffs' title to the

9   property." (*See* Order (#111) at 8-9).  Bobby Len Franklin's Notice of Action to Quiet Title

10  does exactly what the permanent injunction prohibits him from doing.  As such, the Court

11  grants BWD's motion to expunge the document.

12        With respect to the request for sanctions, "federal courts enjoy the inherent power to

13  sanction the full range of litigation abuses, and dismissal of the action is an allowable

14  sanction." *Munnings v. State of Nev.*, 173 F.R.D. 258, 261 (D. Nev. 1996) (citing *Chambers*

15  *v. NASCO*, 501 U.S. 32, 45, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991)).  "The inherent

16  power is properly utilized to preserve the dignity of the court and the integrity of the judicial

17  process." *Id*.

18        The Court declines to impose sanctions on Bobby Len Franklin at this time for violating

19  this Court's September 2008 permanent injunction.  Based on the record, the Court notes that

20  Bobby Len Franklin has only filed one document over a four year period with the Clark County

21  Recorder's Office in contravention of the permanent injunction.  As such, the Court will not

22  sanction Bobby Len Franklin at this time for his filing.  However, the Court forewarns all

23  Defendants, and anyone claiming under or through them, that if there are any future violations

24  of the permanent injunction, this Court will sanction them appropriately through this Court's

25  inherent powers.  If a future violation occurs, BWD is directed to move for sanctions and to

26  submit its attorneys' fees and costs associated with defending against the violation.

27        Accordingly, BWD's Motion to Expunge and for Sanctions (#135) is GRANTED in part

28  and DENIED in part.  The Court orders the Notice of Action to Quiet Title filed on April 10,

2012, with the Clark County Recorder's Office expunged.  The Court denies BWD's request for sanctions.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for an Order Expunging "Notice of Action to Quiet Title" and for Sanctions Against Defendant Bobby Len Franklin dba Daydream Land & System Development for Violating this Court's Order (#135) is GRANTED in part and DENIED in part.  The Court grants Plaintiffs' motion to expunge, but denies the motion for sanctions.

IT IS FURTHER ORDERED that Defendant's Motion for Leave of Court to Respond (#137) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion for an Order to Strike Plaintiffs' Reply (#140) is DENIED.


DATED: This  7th day of March, 2013.

_____
United States District Judge