**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BWD PROPERTIES 2, LLC, et al.,

    Plaintiffs,

    v.

BOBBY LEN FRANKLIN, et al.,

    Defendants.

2:06-cv-1499-RCJ-PAL

**ORDER**

Currently before the Court is Defendants' and Third-Party Plaintiff's Motion for Reconsideration (#145).

**BACKGROUND**

The Plaintiffs in this case are BWD Properties 2, LLC; BWD Properties 3, LLC, and BWD Properties 4, LLC (collectively "BWD"). The Defendants in this case are Bobby Len Franklin, an individual and dba Daydream Land & Systems Development Company, Robert Lee Franklin, Bobby Dean Franklin, and Donna Sue Owens.

The following facts are taken from Judge Brian Sandoval's September 29, 2008 order. (*See* Order (#111) at 2-4). On August 18, 1988, Bobby Len Franklin filed application N-49548 under the Desert Land Entry Act ("DLE") concerning eighty acres of land located in the Southern one-half of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Clark County, Nevada (the "N-49548 Property"). In October 1988, the Bureau of Land Management ("BLM") denied Bobby Len Franklin's application because the property was appropriated by mining claims and thus unsuitable for disposition under the DLE. Bobby Len Franklin appealed the decision to the Interior Board of Land Appeals ("IBLA"),

which reversed and remanded to BLM for further findings because the record did not contain evidence to support the conclusion that the land was mineral in character. On remand, BLM denied the application. BLM advised Bobby Len Franklin of his right to appeal the decision to the IBLA, and of the requirement that the appeal be filed within thirty days of receipt of the decision. Bobby Len Franklin did not appeal the decision, however. Instead, he filed an action against the United States in federal court. The action was dismissed for failure to exhaust administrative remedies. The district court's decision was affirmed by the Ninth Circuit Court of Appeals ("Ninth Circuit"). *See Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995) (unpublished).

On November 21, 1989, Bobby Dean Franklin filed application N-52292 under the DLE concerning eighty acres of land located in the Northern one-half of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Clark County, Nevada (the "N-52292 Property"). BLM denied the application in 1993 because the lands for which the application was filed were mineral in character. Bobby Dean Franklin was advised of his right to appeal the decision and that his notice of appeal must be filed within thirty days of receipt of the decision. Bobby Dean Franklin did not appeal. Instead, he filed an action against the United States in federal court. The action was dismissed by the court for failure to exhaust administrative remedies. The court's order was affirmed by the Ninth Circuit. *See Franklin v. United States*, 46 F.3d 1141 (9th Cir. 1995).

In 2006, the United States granted to D.J. Laughlin title to three parcels located in Clark County, Nevada ("the property"). The property included the acreage upon which the Franklins had submitted their DLE applications. The three parcels were granted by way land patents, including patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069. Patent 27-2006-0071 relates to real property described as the East one-half of the Southeast quarter of the Southeast quarter of Section 16, township 32 South, Range 66 East, Mount Diablo Meridian, Nevada. Patent 27-2006-0070 relates to land described as the West one-half of the Southeast quarter of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo Meridian, Nevada. Patent 27-2006-0069 relates to property described as the

Southwest quarter of the Southeast quarter of Section 16, Township 32 South, Range 66 East, Mount Diablo, Meridian, Nevada. Laughlin then transferred his interest in all three parcels to BWD. Between 1999 and 2006, defendants had recorded multiple documents against the property in the Clark County Recorder's Office.

In his September 2008 order, Judge Sandoval granted BWD's motion for summary judgment and declared the following: (a) Defendants, and anyone claiming under or through them, had no right, title or interest in or to the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 on the basis of DLE applications N-49548 and N-52292; (b) Plaintiffs were the 100% fee simple owners of the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069; and (c) all instruments, documents, and claims recorded by or on behalf of Defendants against the property in the office of the Clark County Recorder were null and void. (Order (#111) at 8). Judge Sandoval ordered that all documents recorded in the Clark County Recorder's Office against the property were expunged from the record. (*Id.*).

Judge Sandoval further entered a permanent injunction stating that:

> Defendants, and anyone claiming under or through them, are permanently enjoined from asserting, claiming, or setting up any right, title, or interest in or to the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 under the DLE, applications N-49548 and N-52292, or on any other ground or basis.
> . . .
> Defendants, and anyone claiming under or through them, are enjoined from filing any instruments, documents, and claims in the office of the Clark County Recorder that would slander, interfere with, compromise, or cloud Plaintiffs' title to the property.

(*Id.* at 8-9).

In December 2009, the Ninth Circuit affirmed. (Ninth Cir. Op. (#127) at 1-2). The Ninth Circuit stated that the "district court properly granted summary judgment on the claims made by BWD because BWD offered undisputed evidence that they owned the properties over which they sought to quiet title, and the Franklins failed to raise a triable issue of their own cognizable interest in these properties." (*Id.* at 3). The Ninth Circuit further held that the "district court correctly determined that the various documents recorded by the Franklins were

3

a cloud on the title of BWD's property and ordered the documents expunged, and did not abuse its discretion when it granted a permanent injunction against the Franklins." (*Id.* at 4).

In April 2012, Bobby Len Franklin via Daydream Land & Systems Development Co. filed a "Notice of Action to Quiet Title" with the Clark County Recorder's Office in violation of this Court's September 2008 order. (Order (#144) at 4, 6). In March 2013, this Court granted BWD's motion to expunge the document. (*Id.* at 6).

The pending motion now follows.

## DISCUSSION

Bobby Len Franklin files a motion for reconsideration. (Mot. for Reconsideration (#145) at 1). Bobby Len Franklin asserts that he is seeking a reconsideration of this Court's March 2013 order. (*Id.*). However, a closer look at the motion demonstrates that he is seeking to overturn this Court's September 2008 order and the Ninth Circuit's 2009 opinion. (*Id.* at 2-3).

BWD filed a response in opposition to the motion and Bobby Len Franklin filed a reply. (Opp'n to Mot. for Reconsideration (#146); Reply to Mot. for Reconsideration (#147)).

Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). "A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Id*.

The Court denies Bobby Len Franklin's motion for reconsideration. Bobby Len Franklin seeks a reconsideration of the issues decided by this Court in September 2008 and by the Ninth Circuit in 2009. The Court finds that none of the exceptions to the law of the case doctrine apply here. As such, the Court denies the motion for reconsideration (#145).

///

///

///

///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Reconsideration (#145) is DENIED.

Dated this 16th day of September, 2013.

_____
United States District Judge