**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BWD PROPERTIES 2, LLC, *et al.*,

      Plaintiffs,

vs.

BOBBY LEN FRANKLIN, *et al.*,

      Defendants.

2:06-cv-01499-RCJ-PAL

**ORDER**

This case arises from a dispute regarding the ownership of eighty acres of land located in Clark County, Nevada. Pending before the Court is Plaintiffs' Motion to Expunge (ECF No. 160) recordings made by Defendants in the Clark County Recorder's Office that cloud title to the land at issue. Plaintiffs also request that the Court sanction Defendant Bobby Len Franklin ("Franklin") for his failure to comply with an Order previously entered by the Court.

**I.     FACTS AND PROCEDURAL HISTORY**

The facts of this case have been presented in multiple Orders, (*see* ECF Nos. 111, 144, 148), and the Court will only summarize them here. On August 18, 1988, Franklin filed application N-49548 under the Desert Land Entry Act ("DLE") concerning eighty acres of land located near Laughlin, Nevada. In October 1988, the Bureau of Land Management ("BLM") denied Franklin's application because the property was appropriated by mining claims and thus

unsuitable for disposition under the DLE.  Franklin appealed the decision to the Interior Board of Land Appeals ("IBLA"), which reversed and remanded to the BLM for further factual findings.

On remand, the BLM again denied the application and informed Franklin of his right to appeal the denial to the IBLA within thirty days of his receipt of the decision.  Franklin did not appeal the decision and instead filed an action against the United States in federal court.  The action was dismissed for Franklin's failure to exhaust administrative remedies.  Franklin appealed that decision to the Ninth Circuit.  The Court of Appeals affirmed the ruling.  *See Franklin v. United States*, 46 F.3d 1140 (9th Cir. 1995) (unpublished).

On November 21, 1989, Defendant Bobby Dean Franklin filed application N-52292 under the DLE concerning land located in the same general area.  In 1993, the BLM denied this application as well because the lands for which the application was filed were mineral in character.  Bobby Dean Franklin was advised of his right to file an appeal of the BLM's decision, but he did not do so.  Instead, he filed an action against the United States in federal court and the action was dismissed for failure to exhaust administrative remedies.  This decision was also affirmed by the Ninth Circuit. *See Franklin v. United States*, 46 F.3d 1141 (9th Cir. 1995).

In 2006, the United States granted to D.J. Laughlin ("Laughlin") the title to three parcels of land located in Clark County, Nevada ("the Property").  The Property included the acreage upon which the Franklins had submitted their DLE applications.  Laughlin then transferred his interest in all three parcels to the BWD Plaintiffs.  Between 1999 and 2006, Defendants had recorded multiple documents against the Property in the Clark County Recorder's Office. Plaintiffs brought this lawsuit against Defendants seeking to quiet title to the Property.

1    In 2008, Judge Brian E. Sandoval granted BWD's motion for summary judgment and
2 declared the following: (1) Defendants, and anyone claiming under or through them, had no
3 right, title, or interest in or to the Property on the basis of DLE applications N-49548 and
4 N-52292; (2) Plaintiffs were the 100% fee simple owners of the Property; and (3) all instruments,
5 documents, and claims recorded by or on behalf of Defendants against the Property in the office
6 of the Clark County Recorder were null and void. (Sept. 29, 2008 Order 8, ECF No. 111).
7    Judge Sandoval further entered a permanent injunction as follows:

> Defendants, and anyone claiming title under or through them, are permanently
> enjoined from asserting, claiming, or setting up any right, title, or interest in or to
> the property described in patent 27-2006-0071, patent 27-2006-0070, and patent
> 27-2006-0069 under the DLE, applications N-49548 and N-52292, or on any
> other ground or basis.
>
> . . .
>
> Defendants, and anyone claiming under or through them, are enjoined from filing
> any instruments, documents, and claims in the office of the Clark County
> Recorder that would slander, interfere with, compromise, or cloud Plaintiffs' title
> to the property.

(*Id.* at 8–9).

   In December 2009, the Ninth Circuit affirmed this decision. (Ninth Cir. Op. 1–2, ECF
No. 127).  The Ninth Circuit stated that "the district court properly granted summary judgment
on the claims made by BWD because BWD offered undisputed evidence that they owned the
properties over which they sought to quiet title, and the Franklins failed to raise a triable issue of
their own cognizable interest in these properties." (*Id.* at 3).  The Ninth Circuit further held that
the "district court correctly determined that the various documents recorded by the Franklins
were a cloud on the title of BWD's property and ordered the documents expunged, and did not
abuse its discretion when it granted a permanent injunction against the Franklins." (*Id.* at 4).

In April 2012, Franklin through Daydream Land & Systems Development Company ("Daydream Land & Systems") filed a "Notice of Action to Quiet Title" with the Clark County Recorder's Office in violation of the Court's September 2008 Order. (Mar. 7, 2013 Order 4, 6, ECF No. 144). Plaintiffs filed a motion to expunge the recording along with a request that Defendants be sanctioned for ignoring the Court's Order. The Court granted the motion to expunge the recording, but it found that sanctions were not warranted. Although the Court declined to impose sanctions at the time, it explicitly warned Defendants "that if there [were] any future violations of the permanent injunction, this Court [would] sanction them appropriately through this Court's inherent powers." (*Id.* at 6). The Court further directed Plaintiffs that if any future violations occurred, they were to move for sanctions and submit attorneys' fees and costs associated with defending against the violation. (*Id.*).

On July 29, 2014, Franklin through Daydream Land & Systems recorded a "Conditional Will to Title Deed" against the Property in Clark County. (Cond. Will to Title Deed, ECF No. 160, Ex. 12). The recording purports to show that Franklin is the proper owner of the Property based on arguments previously ruled upon by Judge Sandoval and the Ninth Circuit, as well as this Court. Additionally, Franklin filed a cause of action in the Eighth Judicial District Court in Clark County, Nevada seeking to quiet title to the Property. In conjunction therewith, Franklin also recorded a "Notice of Pendency of Quiet Title Action" ("the Lis Pendens") with the Clark County Recorder's Office on September 17, 2014. (Lis Pendens, ECF No. 163, Ex. 16).

Plaintiffs filed the instant Motion to Expunge these recordings as well as a request for sanctions pursuant to the Court's March 7, 2013 Order. Franklin opposes the Motion and argues that he holds proper title to the Property notwithstanding the multiple orders of this Court as well as the holdings of the Ninth Circuit.

4

## II. DISCUSSION

Pursuant to the permanent injunction, the Motion to Expunge is granted and the recordings made by Franklin regarding any claim to ownership of the Property are null and void. The Conditional Will recorded on July 29, 2014 and the Lis Pendens recorded on September 17, 2014 are expunged.

The Court also finds that Franklin has left the Court no choice but to impose sanctions on him for his blatant disregard of an express order from this Court. Franklin was on notice and fully aware that if he made any additional recordings in an attempt to claim ownership to any portion of the Property, the Court would sanction him. (*See* Mar. 7, 2013 Order 6). Plaintiffs request that, at a minimum, they be awarded their attorneys' fees, in support of which they have submitted the appropriate documentation, (*see* ECF No. 160, Ex. 13; ECF No. 162, Ex. 14). Plaintiffs also urge the Court to consider finding or imprisoning Franklin for his contempt based upon 18 U.S.C. § 401.

"A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Under its inherent powers, "a district court may also award sanctions in the form of attorneys' fees against a party who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citation omitted). Bad faith arises where a party hampers the enforcement of a court order. *Id.*

Furthermore, a federal court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. And when a court issues a permanent injunction enjoining a specific set of acts, the enjoined party, knowing of the

injunction, is "bound to obey it." *Union Tool Co. v. Wilson*, 259 U.S. 107, 113 (1922). Violating an injunction, therefore, is a contempt of court which may be punished pursuant to § 401. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136–37 (9th Cir. 2001).

The Court is very troubled by Franklin's wanton disregard for the Court's authority and the injunction that has been issued in this case. Franklin acted in bad faith by willfully ignoring this Court's prior Order and the permanent injunction. Accordingly, the Court finds that he should be monetarily sanctioned in the amount of $5,262.50 for Plaintiffs' attorneys' fees and costs. (*See* Fees Report, ECF No. 162, Ex. 14).

The Court is concerned whether this sanction will be enough to deter any future violations by Franklin or any of the other Defendants. To date, Franklin has violated the injunction no less than five times: (1) by filing an action in the U.S. District Court for the Western District of Texas on January 18, 2011, (2) by recording the "Notice of Action to Quiet Title" on April 10, 2012, (3) by recording the Conditional Will to Title Deed on July 29, 2014, (4) by filing another quiet title action in Clark County on September 22, 2014, and (5) by recording the "Notice of Pendency of Quiet Title Action" on September 17, 2014.

Before imposing a more severe sanction, however, the Court will give Franklin and the other Defendants one last chance to respect the authority of the courts of the United States and comply with the permanent injunction. For emphasis, the Court reiterates that:

> Defendants, and anyone claiming title under or through them, are permanently enjoined from asserting, claiming, or setting up any right, title, or interest in or to the property described in patent 27-2006-0071, patent 27-2006-0070, and patent 27-2006-0069 under the DLE, applications N-49548 and N-52292, or on any other ground or basis.
>
> Defendants, and anyone claiming under or through them, are enjoined from filing any instruments, documents, and claims in the office of the Clark County Recorder that would slander, interfere with, compromise, or cloud Plaintiffs' title to the property.

6

Should Defendants continue to ignore the injunction and the previous Orders in this case, a harsher sanction will be forthcoming. It would be well within the Court's discretion to issue a fine or even order imprisonment for any future disobedience. The Court hopes that Franklin will take this advisement to heart. For now, the Court finds that bearing the burden of Plaintiffs' attorneys' fees suffices as an appropriate sanction for Franklin's conduct.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Expunge (ECF No. 160) is GRANTED.

Defendant Bobby Len Franklin is hereby sanctioned in the amount of $5,260.50 for his bad faith and willful violation of the permanent injunction issued in this case.

IT IS SO ORDERED.

Dated this 13th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge