UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BWD PROPERTIES 2, LLC, et al., | Case No. 2:06-cv-01499-RCJ-EJY |
| Plaintiff, | ORDER |
| v. | |
| BOBBY LEN FRANKLIN, et al., | |
| Defendant. | |

Before the Court are Defendant Bobby Franklin's motion for declaratory judgment (ECF No. 185), motion to set aside permanent injunction (ECF No. 186), and objection/appeal to a magistrate judge order (ECF No. 187). For the reasons explained below, the requests are denied.

**A. Motion for Declaratory Judgment**

Franklin argues that the Court should issue a declaratory judgment under Rule 57 and Rule 60(b)(2) based on "newly discovered evidence that was concealed by" BWD Properties. ECF No. 185 at 1. Specifically, Franklin asks the Court to "declare exactly which party holds the superior Title land patent rights of ownership to the disputed 80 acres." *Id.* at 3. The Court, however, already issued a summary judgment order declaring BWD Properties the rightful owner. ECF No. 111 at 8. To the extent Franklin seeks relief from the Court's order under Rule 60(b)(2), his motion, made over 13 years later, is untimely because a Rule 60(b)(2) motion must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Accordingly, Franklin's motion for declaratory judgment is denied.

**B. Motion to Set Aside Permanent Injunction**

Franklin also asks the Court to set aside the permanent injunction under Rule 60(d)(3) for fraud on the court. To succeed on a motion under Rule 60(d)(3), a party must prove by clear and

1

convincing evidence that fraud on the court occurred. *Trensettah USA, Inc. v. Swisher Int'l, Inc.*, No. 20-56016, 2022 WL 1123196, at *7 (9th Cir. 2022). This high standard is not met by the mere nondisclosure of evidence or perjury by a party or witness, but rather requires a party to show willful deception and usually "an unconscionable plan or scheme which [was] designed to improperly influence the court in its decision." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017). Thus, in determining if fraud on the court occurred, a court's "inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (quotations omitted). Here, Franklin's evidence does not prove that fraud on the court occurred.

The majority of Franklin's evidence was presented to and considered by the Court before it issued the summary judgment order and permanent injunction. As Franklin admitted, he presented the Exhibit 1 evidence to the Court before it issued the summary judgment order and permanent injunction. ECF No. 178 at 5–6; *see also* ECF No. 100 at 2; ECF No. 11 at 9–20. Nothing in the record suggests the Court did not consider it before issuing its order. Likewise, Franklin explicitly acknowledged the substance of the Exhibit 2 evidence in his summary judgment opposition by stating that he knew the government sold the land to Laughlin before BWD Properties became the owners. ECF No. 100 at 2–3. The Court then referenced this admission in the summary judgment order when declaring BWD Properties the rightful owner of the land and issuing the permanent injunction. ECF No. 111 at 6. Exhibit 1 and Exhibit 2 simply do not support a finding of fraud on the court. Both Franklin and the Court knew of that information when BWD Properties was declared the rightful owner of the property and neither exhibit supports the idea that BWD Properties was involved in an "unconscionable plan or scheme" that harmed the integrity of the judicial process.

The Court is similarly unpersuaded by Franklin's evidence presented in Exhibit 3. Franklin claims the minutes document five counts of fraud on the court; however, the minutes merely show that Franklin continues to make frivolous challenges to the Court's finding that BWD Properties is the rightful owner of the property at issue.

Thus, the Court finds that the evidence Franklin labels as "concealed" and "recently discovered" is worthy of neither label and that it does not support any inference that BWD Properties committed fraud, let alone a finding that its fraud harmed the integrity of the judiciary and constituted fraud on the court. Accordingly, Franklin's motion to set aside the permanent injunction is denied.

**C. Objection/Appeal to a Magistrate Judge Order**

Franklin objects/appeals Magistrate Judge Elayna J. Youchah's order (ECF No. 184) that denied Franklin's motion for permission to file electronically (ECF No. 177), motion to compel discovery that was omitted (ECF No. 178), motion to file the three exhibits as evidence (ECF No. 179), motion to compel attorney Urga to answer interrogatories (ECF No. 180), and motion for default (ECF No. 183). Though a district court judge may review a magistrate judge non-dispositive order, a magistrate judge's determination is afforded significant deference and should only be modified or set aside if it is clearly erroneous or contrary to law. *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-cv-02978-JAD-NJK, 2021 WL 3017512, at *1 (D. Nev. Mar. 24, 2021); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Here, it is clear to the Court that Judge Youchah's order was not clearly erroneous or contrary to law. Franklin's motions were filed after the case was closed and untimely relied on discovery rules. Thus, Judge Youchah's order correctly denied the motions as moot and is affirmed.

IT IS THEREFORE ORDERED that Franklin's motion for declaratory judgment, motion to set aside permanent injunction, and objection/appeal to a magistrate judge order are denied.

IT IS SO ORDERED.

DATED this 9th day of May, 2022.

Robert C. Jones
UNITED STATES DISTRICT JUDGE